IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT E. DOWDA, JR.,** ) | |
| individually and on behalf of all ) | |
| similarly situated individuals; ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 2:06-CV-00255-WHA |
| ) | |
| **H&R BLOCK, INC., H&R BLOCK** ) | |
| **TAX SERVICES, INC. and H&R** ) | |
| **BLOCK FINANCIAL ADVISORS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE AND POSTPONE DATE TO ANSWER OR OTHERWISE PLEAD**

Defendants, H&R Block, Inc. ("Block"), H&R Block Tax Services, Inc. ("Tax Services") and H&R Block Financial Advisors, Inc. ("HRBFA"), by their counsel, move this Court pursuant to 28 U.S.C. §1404(a) to transfer this action to the United States District Court for the Western District of Missouri, Western Division.  Pursuant to Fed. R. Civ. P. 6(b), Defendants also request that the duties for filing their answer or other responsive pleading to Plaintiff's Complaint be postponed until a date to be determined after this Court rules on the Defendants' motion to transfer or, alternatively, until such time as the Court in the Western District of Missouri sets for the filing of responsive pleadings.

The present action is one of ten presently-known class action lawsuits filed since March 15, 2006 involving allegations based on Defendants' allegedly deceptive marketing and sale of the same product:  Express IRAs.  Five of those lawsuits have been filed in the Western District of Missouri.  Each of the ten cases allege substantially similar facts and claims and appear to mirror the allegations of a lawsuit challenging Express IRAs filed  by the Attorney General of

the State of New York on March 15, 2006 in New York state court. Defendants have filed a motion to consolidate the five cases already pending in the Western District of Missouri, and will be filing similar motions to transfer the five other class action lawsuits currently pending outside the Western District of Missouri, with the intention of consolidating all of the class actions into a single proceeding in that Court.

## ARGUMENT

This Court has discretion to transfer venue of this action to the Western District of Missouri under 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Generally, a transfer of venue is appropriate where: (1) venue is proper in both the transferor and the transferee court, (2) transfer is for the convenience of the parties and witnesses, and (3) transfer is in the interest of justice. *Wachovia Small Bus. Capital v. Montgomery Bread Co.*, 2006 U.S. Dist. LEXIS 3222, at *3-4 (M.D. Ala. Jan. 19, 2006). However, these factors are not exhaustive. When considering a motion to transfer venue, a district court is given wide discretion to weigh and balance the factors it deems relevant. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988); *C.M.B. Foods, Inc. v. Corral of Middle*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005).

### I. VENUE IS PROPER IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI.

When a party seeks to transfer venue under 28 U.S.C. § 1404(a), the threshold question is whether the case could originally have been brought in the desired district of transfer. *Beshears v. Greyhound Lines, Inc.*, 2005 U.S. Dist. LEXIS 37841, at *2 (M.D. Ala. Jun. 6, 2005). Venue is proper in a judicial district where any defendant resides, or a judicial district in which a

2

substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391. This action could originally have been brought in the Western District of Missouri, because Block and Tax Services are incorporated under the laws of the State of Missouri and maintain their principal place of business in Kansas City, Missouri, which lies in the Western District of Missouri. In addition, a significant part of the alleged acts or omissions giving rise to Plaintiff's claims are alleged to have involved individuals in Kansas City, Missouri. For these reasons, the Western District of Missouri has personal and subject matter jurisdiction over Defendant Block.

Defendants believes that serious questions exist regarding whether personal jurisdiction over them can be established in the Middle District of Alabama. Nevertheless, this Court may exercise its authority to transfer the case even if it does not have personal jurisdiction over the defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) ("Nothing . . . indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."); *accord United States v. St. Joseph's Reg'l Health Ctr.*, 240 F. Supp. 2d 882, 890 (W.D. Ark. 2002); *see also Enterprise Rent-A-Car Co. v. Stowell*, 137 F. Supp. 2d 1151, 1159 (E.D. Mo. 2001); *Waters v. Transplace Tex., LP*, 2005 U.S. Dist. LEXIS 29748, at *13-14 (E.D. Mo. Nov. 4, 2005).

**II. TRANSFER TO THE WESTERN DISTRICT OF MISSOURI IS NECESSARY FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES.**

The convenience of the witnesses and access to documents and other sources of proof strongly favor transfer to the Western District of Missouri. When analyzing whether a transfer is necessary for convenience, courts generally consider: "the plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of compulsory process for witnesses, the location of relevant documents, the financial ability to bear the cost of the change, and trial efficiency." *Wachovia*

*Small Bus. Capital v. Montgomery Bread Co.*, 2006 U.S. Dist. LEXIS 3222, at *3-4 (M.D. Ala. Jan. 19, 2006); *C.M.B. Foods, Inc. v. Corral of Middle*, 396 F. Supp. 2d 1283, 1286-1287 (M.D. Ala. 2005). The convenience of the witnesses is the most important factor to consider. *Gould v. National Life Ins. Co.*, 990 F. Supp. 1354, 1359 (M.D. Ala. 1998). All of these factors favor transferring the present case to the Western District of Missouri.

As mentioned above, Block and Tax Services are incorporated under the laws of the State of Missouri and maintain their principal place of business in Kansas City, Missouri. (Christensen Aff. ¶ 2, attached as Exhibit 1.) To the extent that Block and Tax Services have any witnesses potentially relevant to the class-wide claims asserted here, such witnesses work at Block's headquarters in Kansas City, Missouri. (Christensen Aff. ¶ 5.) In addition, the majority of the alleged acts or omissions giving rise to Plaintiff's putative class claims, if they are attributed to Block and Tax Services, would have occurred at Block's headquarters in Kansas City, Missouri. (Christensen Aff. ¶ 6.) Furthermore, the overwhelming majority of the documents relevant to the claims and defenses at issue in this case are located in Kansas City, Missouri. (Christensen Aff. ¶ 7.)

Balanced against these compelling justifications for transfer is the general preference to defer to Plaintiff's choice of venue. However, while the named representative is alleged to reside in Alabama, "[p]laintiff's choice of an Alabama forum is not entitled to the usual deference when the complaint is a nation-wide class action." *Gould*, 990 F. Supp. at 1358 (transferring venue to Vermont, where similar cases were already being heard). The Supreme Court has held that:

> Where there are hundreds of potential plaintiffs, . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.

4

*Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524, 91 L. Ed. 1067, 67 S. Ct. 828 (1947); *see also A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1310 (N.D. Ala. 2003); *Gould*, 990 F. Supp. at 1358 ("status as a nation-wide class action makes other factors, such as the convenience of the witnesses and availability of proof, tilt greatly in favor of transfer").

Given that this purports to be a nationwide class action, Plaintiff cannot demonstrate any significant connection to the Middle District of Alabama. Plaintiff states that venue is proper in the Middle District of Alabama merely because "Defendants maintain offices, has agents, transacts business or is found within this judicial district." (1st Am. Compl. ¶ 30.) Plaintiff also asserts, in a conclusory manner, that "the interstate trade and commerce described herein is and has been carried out in part within this judicial district." (1st Am. Compl. ¶ 30.) However, as discussed above, the facts alleged by Plaintiff center around alleged acts and omissions that, if they are attributed to Block and Tax Services, would have emanated from Block's headquarters in the Western District of Missouri.[1] (Christensen Aff. ¶ 6.) Venue more properly lies in the district where the alleged wrongdoing originated, rather than in one of many judicial districts in which Defendants allegedly transacted business. *See Gould*, 990 F. Supp. at 1359 (transferring venue to the location of the defendant's headquarters, because if defendants committed a pattern of uniform fraud, it was reasonable to assume that it was devised at the headquarters).

### III. TRANSFER TO THE WESTERN DISTRICT OF MISSOURI IS IN THE INTERESTS OF JUSTICE.

The interests of justice also favor transfer of this action to the Western District of Missouri, where the suit can be litigated more expeditiously and inexpensively than in the Middle District of Alabama. In the interests of justice, a court may transfer a case to "the forum

---

[1] Block is the parent corporation in a two-tiered holding company structure. Block disputes any allegation that it had direct involvement in the allegations contained in the Complaint.

5

in which judicial resources could most efficiently be utilized" and where the trial would be easiest, most expeditious and least expensive. *C.M.B. Foods, Inc. v. Corral of Middle*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005); *Barbour v. Haley*, 2002 U.S. Dist. LEXIS 27542, at *5-6 (M.D. Ala. Mar. 13, 2002).

The interests of justice strongly favor transfer of cases to allow consolidation. In *Gould*, for example, the court considered a motion to transfer venue to Vermont, where two class action cases based on the same underlying facts were already consolidated. 990 F. Supp. at 1360. The court held that it was appropriate to transfer its case to Vermont, because:

> a transfer in this case would promote uniformity of results, avoid duplicative court proceedings, and allow for the Vermont court to better consider whether consolidation of Gould with its other cases is appropriate. In addition, this transfer will save attorney's fees for both the nation-wide class and the Defendant, since the Vermont court can undertake to eliminate duplicative proceedings and discovery, even if it does not consolidate the actions.

*Id*. at 1360-1361. In other cases, the court has also stressed that "[p]reventing the duplication of effort and incompatible rulings strongly weigh in favor of transfer." *Barnett v. Alabama*, 171 F. Supp. 2d 1292, 1295 (S.D. Ala. 2001) ("To permit parallel, duplicative litigation in this district would serve no purpose except waste the time, finances, and energy of all involved."). As a logical corollary to this rule, courts in the Eleventh Circuit follow the "first filed" rule, which states that "when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case." *Barnett*, 171 F. Supp. 2d at 1296 (*quoting Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1315-16 (M.D. Fla. 1998)); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. IIaydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

The present action mirrors five class action lawsuits that have been filed in the Western District of Missouri, three of which were filed before this case was filed in the Middle District of Alabama. (Christensen Aff. ¶4.) The present case seeks certification of a nationwide class consisting of "all individuals or entities who purchased an Express IRA or similar product . . . after March 17, 2000," and asserts claims for violation of Michigan's Consumer Protection Act, misrepresentation and/or suppression, breach of contract, unjust enrichment/constructive trust, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, violation of Missouri's Merchandising Practices Act and injunctive relief. (Compl. ¶ 4, 73-101.) Collectively, the cases that are pending in the Western District of Missouri seek certification of an identical nationwide class and encompass nearly all of the claims asserted in the present action. Therefore, transfer of this case to the Western District of Missouri will greatly promote the efficient use of judicial resources by allowing the parties to consolidate nearly identical claims and avoid piecemeal litigation regarding identical facts and issues.

## IV.  DEFENDANTS' TIME TO ANSWER OR OTHERWISE PLEAD SHOULD BE ENLARGED.

Plaintiff served its First Amended Complaint on Block and Tax Services on April 6, 2006 and on HRBFA on April 10, 2006. As a result, Block, which was not named in the initial Complaint, and Tax Services must answer or otherwise plead to the First Amended Complaint by April 20, 2006 and HRBFA must do so by April 24, 2006. As discussed above, judicial economy and the interests of justice dictate that this case should be transferred to the Western District of Missouri where Defendants will seek to consolidate it with the five other class actions challenging Express IRAs that are already pending there. Accordingly, Defendants request that this Court grant their request to transfer this case and postpone the time for all Defendants to answer or otherwise plead until a date to be determined after this Court rules on the Defendants'

motion to transfer or, alternatively, until such time as the Court in the Western District of Missouri sets for the filing of responsive pleadings in order to avoid a situation in which Defendants are required to answer repetitive complaints on a piecemeal basis.  Plaintiff has agreed to such an extension of time to file responsive pleadings.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request, pursuant to 28 U.S.C. § 1404(a), that this Court transfer this action to the United States District Court for the Western District of Missouri, Western Division.  Pursuant to Fed. R. Civ. P. 6(b), Defendants also request that the date for filing their answers or other responsive pleadings be postponed until a date to be determined after this Court rules on the Defendants' motion to transfer or, alternatively, until such time as the Court in the Western District of Missouri sets for the filing of responsive pleadings.

Dated:  April 17, 2006

Respectfully submitted,

**H&R BLOCK, INC., H&R BLOCK TAX SERVICES, INC. and H&R BLOCK FINANCIAL ADVISORS, INC.**

By:   /s/ Wilson F. Green
      One of Their Attorneys

Anton R. Valukas (Illinois Bar #194215)
Matthew M. Neumeier (Illinois Bar #6205788)
Richard P. Steinken (Illinois Bar #3128253)
Molly J. Moran (Illinois Bar #6256421)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email:  avalukas@jenner.com
        mneumeier@jenner.com
        rsteinken@jenner.com
        mmoran@jenner.com

Wilson F. Green (ASB-8293-E61W)
Robert E. Battle (ASB-7807-T67R)
BATTLE FLEENOR GREEN WINN & CLEMMER LLP
The Financial Center
505 North 20th Street, Ste. 1150
Birmingham, Alabama 35203
Direct: (205) 397-8160
Fax: (205) 397-8179
Email:  wgreen@bfgwc.com
        rbattle@bfgwc.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served on the following counsel of record by electronically filing with the Clerk of the Court using the CM/ECF system and/or placing same in the United States mail, postage prepaid, on this the 17th day of April as follows:

Robert G. Methvin, Jr.
James M. Terrell
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205

                                              /s/ Wilson F. Green\_\_\_\_
                                              OF COUNSEL